45850-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

DEC 18 2000

CASE NO. 00-4096 CIV-LENARD
Magistrate Judge: The Honorable William C. Turnoff

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

FRANK BROWN

    Plaintiff,

vs.

OMAR ZAVERI, L.J.L. FAMILY
FOODS, INC., d/b/a DADELAND
McDONALD'S, McDONALD'S INC.,
McDONALD'S CORP.,

    Defendants.
_____/

## MOTION TO DISMISS AND SUPPORTIVE MEMORANDUM OF LAW

The Defendant, McDONALD'S CORPORATION, by Special Appearance for improperly named McDONALD'S, INC.[1], by and through the undersigned attorneys and pursuant to Fed. R. Civ. P 12(b)(6), files this Motion to Dismiss and Supportive Memorandum of Law and states as follows:

**I.    Basic Legal Position**

This lawsuit arises out of allegations that, on November 19, 1999, the Plaintiff Brown, an African-American, was refused service because of his race at a restaurant operated by LJL Family Foods, Inc. as a McDonald's franchise at the Dadeland Mall in Miami-Dade County, Florida.

---

[1] McDonald's Corporation was improperly named as McDonald's Inc. However, in lieu of having the Plaintiff file an Amended Complaint, the parties have agreed that McDonald's Corporation shall be deemed incorporated in the Complaint by interlineation in place of McDonald's Inc.

NON-COMPLIANCE OF S.D. Fla. L.R. 7(A)1

CASE NO. 00-4096 CIV-LENARD

The Complaint asserts the following counts: (1) Violation of 42 U.S.C. 2000A; (2) Violation of 42 USC 1981; (3) Negligent Hiring/Retention as to LJL ; (4) Negligent Hiring/Retention as to McDonald's Corporation; (5) Assault; and (6)[2] Intentional Infliction of Emotional Distress.

Plaintiff alleges that after waiting in line to order his lunch, Mr. Zaveri, the store manager on duty at the time, refused to serve him while other non African-Americans were served. As will be discussed below, Mr. Zaveri was an employee of L.J.L. Foods, Inc. at the time of the alleged incident. In support, McDonald's Corporation has attached hereto the affidavit [3] of Geneace Williams, a corporate representative of McDonald' Corporation. The Affidavit states in absolute terms that *McDonald's Corporation does not own or operate the restaurant located at 7501 S.W. 88th Street, in Miami, Florida (the Dadeland Mall)*. Moreover, the Affidavit states that *"McDonald's Corporation does not, nor does it have the right to hire, discharge or discipline employees"* at this restaurant. Additionally, the affidavit states that *"McDonald's Corporation does not sell or supply any products to this restaurant nor does it own or operate any business which supplies products to the restaurant."* Finally, the affidavit states that *"McDonald's Corporation does not, nor does it have the right to control the day-by-day activities necessary to carrying on the business operations of the restaurant."*

Therefore, based on the affidavit, McDonald's Corporation cannot be held vicariously liable for the alleged acts and/or omissions of Mr. Zaveri. At no time did McDonald's Corporation participate in the day-to-day operation of this restaurant

---

[2] This Count was mistakenly referenced as "Count V" in the Complaint.

2

CASE NO. 00-4096 CIV-LENARD

business. Accordingly, Plaintiff's Complaint must be dismissed as to McDonald's Corporation.

In addition, the Plaintiff has failed to exhaust his administrative remedies with respect to the claims alleged in Count I of the Complaint under 42 U.S.C. 2000A. Further, as a matter of law, Count III of the Complaint must be dismissed because the Plaintiff has failed to allege that McDonald's Corporation was aware or had notice of Mr. Zaveri's alleged propensities. In this regard, the Complaint also fails to allege that the Plaintiff suffered physical impact or injury.

Additionally, Count V of the Complaint must also be dismissed because the Plaintiff has failed to allege sufficient ultimate facts that would suggest: (1) McDonald's Corporation employed Mr. Zaveri to assault patrons or the Plaintiff; (2) Mr. Zaveri was motivated for the purpose of serving McDonald's Corporation by allegedly assaulting patrons; or (3) Mr. Zaveri in some fashion furthered the interests of McDonald's Corporation in assaulting patrons.

Finally, Count VI of the Complaint must be dismissed because the Plaintiff has failed to allege facts that would meet the requisite legal standard to state a claim for intentional infliction of emotional distress.

## MEMORANDUM OF LAW

**II.      Standard for Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[3] A true and correct copy of the affidavit is attached hereto as Exhibit "A".

3

relief." A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). Additionally, when considering a motion to dismiss, a court must consider the plaintiff's allegations as true. *Cruz v. Beto*, 405 U.S. 319, 31 L. Ed. 2d 263, 92 S. Ct. 1079 (1972).

### III. Argument

**A. McDonald's Corporation Is Not Vicariously Or Directly Liable For The Acts Of The Employees Of LJL Family Foods, Inc. Because The Plaintiff Has Not Alleged Facts That Would Suggest McDonald's Corporation Acted As A Principal For LJL Family Foods, Inc.**

In order to establish that an implied principle-agency relationship exists between two parties, a Plaintiff must identify a representation made by a Defendant sufficient to allow a third party to conclude that such a relationship existed. *Trans Ocean Container Corp. v. Yorkshire Ins. Co.*, 81 F. Supp. 2d 1340, 1999 U.S. Dist. LEXIS 20768 (S.D. Fla. 1999) (*citing Mobil Oil Corporation v. Bransford*, 648 So.2d 119 (Fla. 1995)). *Mobil* is the dispositive case in Florida concerning the lack of a franchisor's responsibility for incidents involving the franchisee's employees.[4]

---

[4] This court is bound by decisions of Florida District Courts of Appeal on questions of Florida state law, absent a strong showing that the Florida Supreme Court would decide the issue differently. *Maseda v. Honda Motor Co.*, 861 F.2d 1248 (11th Cir. 1988); *See also Geary Distributing Co. v. All Brand Importers, Inc.*, 931 F.2d 1431, 1434 (11th Cir. 1991).

In that case, the Florida Supreme Court upheld the trial judge's granting of summary judgment in favor of the franchisee, reversing the Fourth District Court of Appeal. The plaintiff in that case argued that Mobil Oil Corporation (hereinafter "Mobil") was responsible for injuries suffered by the plaintiff when he was attacked at a Mobil mini-mart by an employee of franchisee, Alan Berman. In support of his position, the plaintiff argued that the franchisor's products were sold at the station, that Mobil trademarks and logos were used throughout the premises, and that the franchise agreement required the use of Mobil symbols and the selling of Mobil products. In further support of its position, the plaintiff argued that Mobil sent its representatives to the station to provide various routine franchise support services. As such, the plaintiff contended that Mobil had actual or apparent control over the franchise's business.

The Florida Supreme Court found that the mere use of franchise logos and trademarks and provision of franchise support services as mentioned above, without more, was insufficient to create an apparent agency relationship such that Mobil would be held responsible for the attack by the franchisee employee on the plaintiff. Specifically, the Florida Supreme Court observed that in order for the franchisor to be considered liable under an apparent agency theory "something must have happened to communicate to the plaintiff the idea that the franchisor is exercising *substantial control*." *Mobil Oil Corporation,* 648 So.2d at 121. Towards this end, claimants must plead and prove that the franchisee made a representation that was relied upon by a third party and that the third-party changed its position in reliance upon that representation. Further, the Florida Supreme Court rejected the argument that the representation necessary to create an

CASE NO. 00-4096 CIV-LENARD

apparent agency relationship is implicit in the prominent use of the franchisor's symbols and products and in the provision of franchise support activities. *Id.* at 121.

Turning to the instant case, McDonald's Corporation has attached hereto the affidavit of Geneace Williams, a corporate representative of McDonald' Corporation. The Affidavit states that McDonald's Corporation does not own or operate the McDonald's restaurant located at 7501 S.W. 88th Street, in Miami, Florida (the Dadeland Mall). Moreover, the Affidavit states that "*McDonald's Corporation does not, nor does it have the right to hire, discharge or discipline employees*" at this restaurant. Additionally, *McDonald's Corporation does not sell or supply any products to this restaurant nor does it own or operate any business which supplies products to the restaurant.* Finally, the affidavit states that "*McDonald's Corporation does not, nor does it have the right to control the day-by-day activities necessary to carrying on the business operations of the restaurant.*"

Moreover, there is no evidence of any actual or apparent agency in this case to predicate liability. Specifically, the elements of an apparent agency are as follows: a representation by the principal, a reliance on that representation by a third party, and a change in position by the third party in reliance on the representation. *Mobil Oil Corporation v. Bransford*, 648 So.2d 119 (Fla. 1995). In the instant case, there were never any representations made by McDonald's Corporation which were relied upon by the Plaintiff causing a change in its position. Further, the Plaintiff does not allege in the pleadings that any such representations were made. Under Rule 8 (a) of the Federal Rules of Civil Procedure, a party has to set forth a short and plain statement of the claim

6

CASE NO. 00-4096 CIV-LENARD

showing that the pleader is entitled to relief. In the instant case, the Plaintiff fails to allege any ultimate facts in the Complaint of any of the elements of apparent agency. Thus, there is no basis of liability against McDonald's Corporation under apparent agency.

With respect to actual agency, a plaintiff must establish the following: (1) acknowledgment by the principal that the agent worked for him; (2) an agent's acceptance of the undertaking, and (3) control by the principal over the agent's actions. *Goldschmidt v. Holman*, 571 So.2d 422 (Fla. 1990).

In the instant case, Omar Zaveri was an employee of franchisee, L.J.L Foods, Inc., and not under the control of McDonald's Corporation. Further, as referenced above, the affidavit of Geneace Williams, states that McDonald's Corporation is not involved in the day-to-day business operations and management of its franchisees. Moreover, McDonald's Corporation does not provide its franchisees with products or supplies. Thus, McDonald's Corporation cannot be held vicariously liable for the acts and/or omissions of the employees of L.J.L Foods, Inc. Accordingly, Counts I-VI must be dismissed as to McDonald's Corporation.

> **B.    Counts I, IV, V And V Of The Complaint Are Deficient On Their Face Notwithstanding The Lack Of Any Vicarious Liability On McDonald's Corporation's Part.**
>
> **(1) The Complaint fails to Allege that Administrative Remedies Have Been Exhausted.**

Count I of the Plaintiff's Complaint alleges violation of 42 U.S.C. 2000a *et seq*. The statute provides in pertinent part:

7

> In the case of an alleged act or practice prohibited by this title [42 USC 2000a-2000a-6} which occurs in a state, or political subdivision of a state, which has a state or local law prohibiting such act or practice and establishing or authorizing a state or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate state or local authority* by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 USC 2000a-3(c) (emphasis supplied).

Florida has a statute and agency within the meaning of 2000a that establishes and authorizes the State of Florida to grant and seek relief of the alleged wrongful conduct in this case. Specifically, Florida Statute 509.092 prohibits discrimination in public food service establishments. This statute provides as follows:

> **509.092 Public lodging establishments and public food service establishments; rights as private enterprises.**
>
> Public lodging establishments and public food service establishments are private enterprises, and the operator has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex, physical disability, or national origin. *A person aggrieved by a violation of this section or a violation of a rule adopted under this section has a right of action pursuant to s. 760.11*.

Section 760.11 of the Florida Statutes ("The Florida Civil Rights Act of 1992" or the "FCRA") sets forth the administrative and civil remedies for alleged violations of this statute governing food service establishments. The FCRA specifically provides that

CASE NO. 00-4096 CIV-LENARD

"[a]ny person aggrieved by a violation of s. 509.92 may file a complaint with the commission within 365 days of the alleged violation naming the person responsible for the violation and describing the violation. See 760.11(1), Fla. Stat. "To assert a claim under 760.10 Plaintiff *must* first file a charge of discrimination with the Florida Commission on Human Relations ("FCHR") within 365 days of the alleged violation." *Paldano v. Althin Medical, Inc.* 974 F.Supp. 1441, 1445 (S.D. Fla. 1996). *See also Blount v. Sterling Healthcare Group, Inc.* 934 F. Supp. 1365, 1370 (S.D. Fla. 1996); Trumbull v. Healthcare & Retirement Corp., 756 F. Supp. 532, 535 (M.D. Fla. 1991), *aff'd* 949 F.2d 1162 (11th Cir. 1991). Where the plaintiff has failed to file a timely charge within the FCHR, he cannot maintain an action under the FCRA. *Paldano*, 974 F.Supp. at 1445. (promotion claims discussed for failure to timely file an administrative charge with the FCHR).

In the instant case, the Plaintiff has failed to exhaust his administrative prerequisites under Title II because he does not allege that he filed a timely charge with the FCHR. "Where a Plaintiff fails to allege in his complaint an exhaustion of administrative remedies under the FCRA, the complaint should be dismissed." *Gillis v. The Sports Authority*, 2000 U.S. Dist. Lexis 15790, *9 (S.D. Fla. August 11, 2000) (granting motion to dismiss FCRA claim). This is fatal to Plaintiff's Title II claim because 2000a-3(c) requires an exhaustion of administrative remedies through the FCHR. Accordingly, Count I of the complaint should be dismissed. Additionally, Plaintiff's claim for compensatory and punitive damages are inappropriate as 2000A does not provide such relief. Specifically, 2000A limits a claimant to injunctive relief, costs and

9

CASE NO. 00-4096 CIV-LENARD

attorney's fees. *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 401 (1968) and Section 2000a-3. Accordingly, such claims for relief should be stricken.

### (2) The Complaint Fails To State A Cause Of Action For Negligent Hiring/Retention Against McDonald's Corporation

In Count IV of the Complaint, the Plaintiff has attempted to plead a cause of action for negligent hiring and retention. Under this theory of recovery, the Plaintiff claims that McDonald's Corporation negligently hired, retained and/or supervised Omar Zaveri. However,

> In order to allege facts sufficient to show breach of a duty to exercise reasonable care in hiring, the Plaintiff generally must allege facts sufficient to show that (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for the employment in general; and (3) it was unreasonable for employer to hire the employee in light of the information he knew or should have known. *Garcia v. Duffy,* 492 So.2d 435 (Fla. 2nd DCA 1986). *See also Grice v. Air Products and Chemicals,* 2000 U.S. Dist. Lexis 5621, * 41 (N.D. Fla. Feb. 17, 2000).

The Plaintiff's complaint is devoid of any of the allegations required in Florida to successfully plead a cause of action for a negligent hiring. First, Plaintiff has failed to allege that McDonald's Corporation hired Mr. Zaveri in the first instance nor that it was required to investigate Mr. Zaveri's background and that it failed to do so. Second, the Plaintiff fails to allege that an investigation would have revealed Zaveri's purported propensity to inflict harm on others. Third, Plaintiff has failed to allege that Mr. Zaveri's hiring was unreasonable in view of the information that the investigation revealed or would have revealed had it been conducted.

10

CASE NO. 00-4096 CIV-LENARD

Finally, assuming (without conceding) that the Plaintiff successfully plead wrongful hiring in this case, the Complaint does not allege ultimate facts that the Defendant McDonald's Corporation had knowledge of Mr. Zaveri's purported dangerous propensity such that it should have be held liable for negligent retention. Florida Courts will not impose liability on an employer for negligent hiring or negligent retention of an employee who harms or threatens to harm a person *unless* the Plaintiff can establish, during the course of employment, that the employer became aware of problems with the employee that indicates his unfitness, but the employer fails to take further action such as investigation, discharge or reassignment. *Goodstein v. Gunther Motor Company*, 1996 U.S. Dist. Lexis 21968, *39-40 (S.D. Fla. 1996), *aff'd*, 135 F.3d 144 (11th Cir. 1998)(*citing Tallahassee Furniture Co. Inc., v. Harrison,*, 583 So.2d 744, 753 (Fla. 1st DCA 1991), *review denied*, 595 So.2d 558 (Fla. 1992). A finding that the employer had actual or constructive notice of the employee's "unfitness" is necessary before an employer can be held liable for negligent supervision and retention *id.* at *40 (*citing M.V. v. Gulf Ridge Council Boy Scouts of America, Inc.*, 529 So.2d 1248 (Fla. 2d DCA 1988)). Moreover, a Plaintiff must allege that the employer "knew or should have known of problems with the []employer[] that would indicate [] unfitness..." *Gillis v. The Sports Authority*, 2000 U.S. Dist. Lexis 15790, *9 (S.D. Fla. August 11, 2000).

Also critical to any claim for negligent hiring or retention is the requirement that plaintiff "show that [he] suffered a physical impact and physical injury." *Goodstein*, 1996 U.S. Dist. Lexis 21968 at *41. *See also Monzo v. Southland Corp.*, 1998 U.S. Dist. Lexis 16916, *3 (S.D. Fla. 1998)(In an employment discrimination action, Plaintiffs' claims for

11

negligent hiring, retention and supervision were dismissed because Plaintiff suffered no physical impact or physical injury); *Grice*, 2000 U.S. Dist. Lexis 5621 at *45. "Under Florida's impact rule, in order to recover damages for emotional infliction of emotional distress caused by the negligence of another, the plaintiff must show that the emotional distress flowed from a physical injury sustained in a physical impact." *Goodstein*, 1996 U.S. Dist. Lexis 21968 at *41 (*citing R.J. v. Humana of Florida Inc.*, 652 So.2d 360 (Fla. 1995); *Landry v. Florida Power and Light Corp.* 799 F.Supp. 94 (S.D. Fla. 1992), *aff'd* 998 F.2d 1021 (11th Cir. 1993)). *See also Scelta v. Delicatessen Support Services*, 57 F.Supp. 2d 1327, 1348 (M.D. Fla. 1999). ("Under Florida's "impact rule" the emotional distress complained of must flow from a physical injury sustained by physical impact.") "In the absence of physical impact, a claim for negligent infliction of emotional distress will not be allowed under Florida law." *Fernandez v. Community Asphalt, Inc.* 934 F.Supp. 418, 421 (S.D. Fla. 1996).

Finally, in order to maintain a negligence cause of action under Florida law, a plaintiff must prove and plead that the defendant breached a common law duty. *Scelta*, 57 F.Supp. 2d at 1348 ("Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law.") (*citing Hays v. Patton-Tully Transp. Co.* 844 F. Supp. 1221,1221-24 (W.D. Tenn. 1993). As is the case with sexual harassment, there is no common law duty under Florida law to prevent race discrimination. *See Grice*, 2000 U.S. Dist. Lexis 5621 at *43 ("Because Florida law does not recognize a common law cause of action for sexual harassment [citation omitted] claims of negligent

CASE NO. 00-4096 CIV-LENARD

hiring or retention cannot be based on claims of sexual harassment under common law... The same reasoning applies to the plaintiff's claims of racial harassment."

In light of the foregoing, it is clear that Plaintiff's claim fails because the Plaintiff does not allege that McDonald's Corporation had notice or was aware that any of its employees were unfit. Moreover, the Plaintiff fails to allege that he sustained a physical impact or injury. Further, there is no common law duty to train employees "in the sensitivities ff known patrons. *Id.* Therefore, the Plaintiff has failed to state a claim for relief for negligent hiring or retention. Accordingly, Count IV must be dismissed as to McDonald's Corporation.

### (3) McDonald's Cannot Be Liable To The Plaintiff For The Intentional Acts Of Omar Zaveri As Pled In Count V.

In order to state a cause of action against an employer for vicarious liability for the intentional acts of its employee, Plaintiff must allege ultimate facts to support the conclusion that the employee was acting within the course and scope of his employment at the time of the purported assault. *Nettles v. Thornton*, 198 So.2d 44 (Fla. 1st DCA 1967). Simply alleging that an employee's action was within the course and scope of his employment does not make it so. *Id.* at 45. In order to determine whether the Complaint states a cause of action against the Defendant employer for the intentional acts of its employee, reference must be made to the ultimate facts alleged in light of the well-established legal principle that

> [t]he liability of a master can arise in such instances only when the act of the servant is done within the real or apparent scope of the master's business. The master's liability does not arise when the servant steps aside from his employment to accomplish some purpose of his own. If the tort is activated by a purpose to serve the master or

principal, then he is liable. Otherwise he is not. *City of Miami v. Simpson*, 172 So.2d 435, 437 (Fla. 1965).

As set forth above, the Complaint merely conclusorily states that Mr. Zaveri was acting within the course and scope of his employment. It fails to allege that Mr. Zaveri was acting for the purpose of "serving" McDonald's Corporation. Accordingly, the Plaintiff cannot recover under a theory of direct negligence.

Alternatively, in Count V of the Complaint, the Plaintiff has attempted to plead a cause of action under the theory of Respondeat Superior. To subject an employer to vicarious liability for bodily injury caused by the intentional acts of its employee, a plaintiff must show that the employee "was acting in the course and scope of his employment and in furtherance of the work of the employer's business." *Bryan v. CSX Transp., Inc.*, 577 So.2d 613 (Fla. 1st DCA 1991), *citing Jamison v. Encarnation*, 281 U.S. 635 (1930); *Lancaster v. Norfolk and Western Ry-Co.*, 773 F.2d 807 (7th Cir. 1985); *Copeland v. St. Luis-San Fransico Ry. Co*, 291 F.2d 119 (10th Cir. 1961); *Hoyt v. Thompson*, 174 F.2d 284 (7th Cir 1949).

Notably, "[r]ecovery cannot be had where the injurious act is for the sole purpose of satisfying the temper or spite of the assaulting employee." Id. In the case at hand, no analysis of the Complaint's allegations can lead to a conclusion that Mr. Zaveri was motivated by the interests of his employer when he allegedly assaulted the Plaintiff on November 19, 1999. It follows that the Plaintiff has not sufficiently alleged that Mr. Zaveri was acting within the course and scope of his employment on November 19, 1999, and cannot support a claim against the Defendant McDonald's Corporation under the theory of Respondeat Superior in this case.

CASE NO. 00-4096 CIV-LENARD

In light of the foregoing, the Complaint fails to allege a claim for recovery against the Defendant McDonald's Corporation under either a direct negligence theory or the theory of respondeat superior recognized by the courts in Florida.

### (4) The Complaint Fails To State A Cause Of Action For Intentional Infliction Of Emotional Distress As Pled In Count VI.

As the basis for Plaintiff's claim for intentional infliction of emotional distress, the Plaintiff alleges that Mr. Zaveri hurled racial epithets and that such conduct was outrageous, malicious and willful. The elements for the tort of intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Hart v. United States*, 894 F.2d 1539 (11th Cir. 1990); *Clemente v. Horne*, 707 So.2d 865,866 (Fla. 3rd DCA 1998). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!" *Metropolitan Life Insurance Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985) (adopting standard from Restatement (Second) of Torts); *R.J. v. Humana of Florida*, 652 So.2d 360 (Fla. 1995).

Callousness and insensitivity are insufficient to support a claim for intentional infliction of emotional distress. Indeed, the standard for outrageous conduct in an action

for intentional infliction of emotional distress is particularly high in Florida. *Patterson v. Downtown Med. & Diagnostic Ctr. Inc*, 866 F.Supp. 1379, 1383 (M.D. Fla. 1994).

In the context of employment discrimination, Florida courts have consistently rejected claims for intentional infliction of emotional distress relating to sexual harassment, intentional age discrimination and verbal abuse. *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994).

In *Lay v. Roux Laboratories, Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980), the court held that although "extremely reprehensible," racially hostile misconduct did not rise to the degree of "outrageousness or atrociousness" required to sustain a claim for intentional infliction of emotional distress. In *Lay*, it was held that the plaintiff failed to state a cause of action where the basis for her complaint was her employer's threats of terminating the plaintiff and use of humiliating language, including vicious verbal attacks and racial epithets, toward the plaintiff.

Similarly, in *Vamper v. UPS*, 14 F. Supp. 2d 1301 (S.D. Fla. 1998), an employee sued his employer for intentional infliction of emotional distress because he was, *inter alia*, subjected to racial epithets. The Court dismissed this count, and held that "while these allegations, if true, constitute objectionable and offensive behavior, they do not rise to the level of outrageousness. *See* id. at 1306.[5]; *See also Vance v. Southern Bell Tel. & Tel. Co.*, 983 F.2d 1573 (11th Cir. 1993), *cert. denied*, 513 U.S. 1155 (1995).

---

[5] Other jurisdictions have held that the utterance of similar insulting language does not give rise to a cause of action for intentional infliction of emotional distress. *See e.g. McFadden v. Burton*, 645 F.Supp. 457 (E.D. Pa. 1986)(*citing Dawson v. Zayre Department Stores*, 346 Pa. Super. 357, 499 A.2d 648 (1985).

16

CASE NO. 00-4096 CIV-LENARD

Indeed, it is evident from Florida case law on this subject that conduct must be exceeding outrageous and reprehensible in order to form the basis for a claim of intentional infliction of emotional distress. Under Florida law, whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is a matter of law for the court, not a question of fact. *Baker v. Florida National Bank,* 559 So. 2d 284, 287 (Fla. 4th DCA 1990). In *Lay*, the reprehensible conduct of the defendant was determined, as a matter of law, not to be sufficiently outrageous to allow recovery for intentional infliction of emotional distress.

In the instant case, the allegations are similarly an insufficient predicate to state a cause of action for intentional infliction of emotional distress or "outrageous conduct." As such, Count VI of the Complaint should be dismissed with prejudice.

### (5) The Plaintiff's Complaint Violates The "One Claim Per Count" Rule And Should Be Dismissed

Rule 10(b) of the Federal Rules of Civil Procedure requires that "each claim [be] founded upon a separate transaction or occurrence . . ." Rule 10(b), Fed. R.Civ. P. *See also Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996); *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905-907 (11th Cir. 1996) *cert. Denied*, 117 S. Ct. 946 (1997) ("[D]iscrete causes of action should be plead in separate counts.")

Plaintiff's Complaint is not clearly plead to identify which counts are being asserted against which Defendants. Although the Complaint provides separate counts for

separate theories, it fails to further separate each count by Defendant and allege the factual basis of liability against each Defendant. This violates the one-claim-per-count rule of pleading.

In addition, Plaintiff has inappropriately incorporated by reference factual allegations into counts that are irrelevant to the claim. In pleading a cause of action, it is well settled that it is inappropriate to incorporate by reference prior paragraphs preceding a count into a subsequent count where the preceding paragraphs are irrelevant to that count. *See Cesnick*, 88 F.3d at 905. For instance, in this case Plaintiff inappropriately reincorporates the race claims of paragraphs 1 – 18 into his negligence and assault claims in Count III – Count VI. Such wholesale incorporation is inappropriate. Accordingly, Plaintiff's Complaint should be dismissed, and he should be required to replead and file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. *See Cesnick*, 88 F.3d at 907; *Anderson*, 77 F.3d at 366. Plaintiff should "present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson*, 77 F.3d at 366. Only specific relevant allegations should be referenced. *See Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287, 289 (S.D. Fla. 1997), *aff'd*, 162 F.3d 1177 (11th Cir. 1998).

C.  **Conclusion**

From the foregoing, it is clear that McDonald's Corporation cannot be held liable for the alleged acts and/or omissions of Mr. Zaveri and LJL Family Foods Inc. As attested to in the affidavit provided by Geneace Williams, McDonald's does not exercise

CASE NO. 00-4096 CIV-LENARD

substantial control over the day-by-day operation and management of Dadeland McDonald's Inc. Moreover, it is clear that McDonald's Corporation cannot be liable, as a matter of law, for the intentional acts of Mr. Zaveri. The Plaintiff has failed to allege that McDonald's Corporation was aware of any of the purported dangerous propensity of Mr. Zaveri to harm others. In addition, Mr. Zaveri was acting outside of any arguable course of scope of employment when the alleged incident occurred. Finally, the Plaintiff has failed to sufficiently allege that Mr. Zaveri's conduct amounted to "outrageous" conduct that would sustain a claim for intentional infliction of emotional distress. As such, the Complaint should be dismissed as to McDonald's Corporation.

WHEREFORE, the Defendant, McDonald's Corporation, moves this Court to enter an Order dismissing the Plaintiff's claims against McDonald's Corporation.

WE HEREBY CERTIFY that a true copy of the foregoing was mailed on /8TL day of December, 2000, to all parties on the attached service list.

WICKER, SMITH, TUTAN, O'HARA,
McCOY, GRAHAM & FORD, P.A.
Attorney for McDonald's Corporation
2900 S.W. 28th Terrace
Grove Plaza, 5th Floor
Miami, FL 33133
Phone: (305) 448-3939
Fax: (305) 441-1745

By: _____
Constantine Nickas
Florida Bar No. 866954

CASE NO. 00-4096 CIV-LENARD

Service List

Reginald A. Mathis, Esq.
Heise, Markarian, & Forman, P.A.
1950 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Neil F. McGuinness, Esq.
Baker & McKenzie
1200 Brickell Avenue, Suite 1900
Miami, Fl 33131