UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-4096 CIV-LENARD
Magistrate Judge: The Honorable William C. Turnoff

FRANK BROWN,

    Plaintiff,

vs.

OMAR ZAVERI,
L.J.L. FAMILY FOODS, INC.,
d/b/a DADELAND McDONALD'S,
McDONALD's, INC.,

    Defendants.
_____/

## DEFENDANT, OMAR ZAVERI'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, OMAR ZAVERI, through his undersigned counsel, hereby serves and files his Answer and Affirmative Defenses to Plaintiff's Complaint and states:

1. With respect to paragraph 1 of the Plaintiff's Complaint, this Defendant admits that Plaintiff is attempting by this action to recover money damages under the laws of the United States and the State of Florida. This Defendant denies that Plaintiff is entitled to recover any such damages. Each and every other allegation contained within paragraph 1 of the Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

2. With respect to paragraph 2 of the Plaintiff's Complaint, this Defendant admits that this Court has jurisdiction over Plaintiff's federal claims and the discretion to exercise supplemental jurisdiction over the pending state court claims. Each and every

other allegation contained within paragraph 2 of Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

3. With respect to paragraphs 3, 4, 5, 7, 14 and 16 of Plaintiff's Complaint, this Defendant is without knowledge sufficient to form a belief as to the truth of the allegations, and therefore, those allegations are denied.

4. With respect to paragraph 6 of Plaintiff's Complaint, this Defendant admits that ZAVERI was a resident of Miami-Dade County, Florida, was employed by L.J.L. Family Foods, Inc., and that L.J.L. Family Foods, Inc. hired, managed and provided training to ZAVERI. Each and every other allegation contained within paragraph 6 of Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

5. With respect to paragraph 8 of Plaintiff's Complaint, this Defendant admits that OMAR ZAVERI was employed L.J.L. Family Foods, Inc. on November 19, 1999 as an assistant manager, and that ZAVERI was on duty that day. Each and every other allegation contained within paragraph 8 of Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

6. This Defendant denies the allegations contained in paragraphs 9, 10, 11, 12, 13, 17, 25, 26, 27, 28, 39, and 40 and demands strict proof of each of the foregoing allegations.

7. This Defendant, in responding to paragraphs 24 and 38 of Plaintiff's Complaint, reasserts its responses to paragraphs 1 through 18 inclusive.

8. With respect to paragraph 15 of the Plaintiff's Complaint, this Defendant admits that McDonald's Corporation provides L.J.L. Family Foods, Inc. with minimum criteria for standards for food quality, service, and cleanliness. Each and every other

allegation contained within paragraph 15 of Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

9. With respect to paragraph 18 of Plaintiff's Complaint, this Defendant admits that he was acting within the course and scope of his employment with L.J.L. Family Foods, Inc. Each and every other allegation contained within paragraph 18 of Plaintiff's Complaint is hereby denied and this Defendant demands strict proof thereof.

10. This Defendant states that the allegations contained in paragraphs 19 through 23 of Plaintiff's Complaint, Count I, are subject to a Motion to Dismiss filed contemporaneously with this Answer.

11. This Defendant states that the allegations of paragraphs 29 through 31 of Plaintiff's Complaint, Count III, and paragraphs 32 through 37, Count IV, are not directed to this Defendant and therefore call for no response.

12. This Defendant states that paragraphs 41 through 44 of Plaintiff's Complaint, Count VI (inadvertently mislabeled as Count V), are subject to a Motion to Dismiss filed contemporaneously with this Answer.

### AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

2. The Plaintiff's Complaint is barred by the applicable statute of limitations.

Johnson Tomlin & Johnson
4770 Biscayne Boulevard, Suite 1030, Miami, FL 33137

3. This Defendant adopts the Affirmative Defenses of each and every other Defendant herein, not inconsistent with this Defendant's Answer and Affirmative Defenses and not otherwise previously asserted herein.

4. This Defendant asserts that all decisions made with respect to Plaintiff, or that affected Plaintiff, were made for legitimate, non-discriminatory reasons.

5. This Defendant asserts that a public food service establishment has the right to refuse service to any person who it finds to be objectionable or undesirable under Florida law.

6. This Defendant asserts that Plaintiff may not recover punitive damages under 42 U.S.C. §1981 because this Defendant did not act with malice or with reckless indifference to Plaintiff's federally protected rights, nor did this Defendant otherwise discriminate against Plaintiff.

7. This Defendant asserts that he did not engage in any intentional discrimination, and therefore, Plaintiff is not entitled to receive compensatory or punitive damages.

8. This Defendant asserts that the Plaintiff is not entitled to double recovery of compensatory or punitive damages under the counts alleged in the Complaint.

WHEREFORE, having answered the Plaintiff's Complaint and having raised legal defenses thereto, this Defendant, OMAR ZAVERI, respectfully requests that this

action be dismissed with prejudice, that judgment be entered in favor of this Defendant, and that Defendant be awarded his costs, including reasonable attorney's fees, incurred in defending this lawsuit.

Respectfully submitted,

JOHNSON TOMLIN & JOHNSON
4770 Biscayne Boulevard
Suite 1030
Miami, Florida 33137
Telephone: (305) 438-9899
Facsimile: (305) 438-9819

By: _____
TODD W. JOHNSON, P.A.
Florida Bar No.: 516236
VIRGINIA EASLEY JOHNSON, P.A.
Florida Bar No.: 559156

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed and faxed on this 3 day of January, 2001, to: REGINALD A. MATHIS, ESQ. and JEFFREY FOREMAN, ESQ., HEISE MARKARIAN FOREMAN, P.A., Attorneys for the Plaintiff, 201 South Biscayne Boulevard, Suite 1950, Miami, FL 33131, DEAN NICKAS, ESQ., WICKER, SMITH, TUTAN, et al., Attorney for McDonald's Corporation, Grove Plaza Building, 2900 Middle Street, Miami, FL 33133, NEIL F. McGUINNES, ESQ., BAKER & McKENZIE, Attorney for L.J.L. Family Foods, Inc., 1200 Brickell Avenue, Suite 1900, Miami, FL 33131.

By: _____
TODD W. JOHNSON, P.A.
Florida Bar Number 516236

j:\documents\20019.00\0001\correspondence\pleading\answer.doc