45850-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4096  CIV-LENARD
Magistrate Judge: The Honorable William C. Turnoff

FRANK BROWN

      Plaintiff,

vs.

OMAR ZAVERI, L.J.L. FAMILY
FOODS, INC., d/b/a DADELAND
McDONALD'S, McDONALD'S INC.,

      Defendants.

_____/



## DEFENDANT'S, McDONALD'S CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, McDONALD'S CORPORATION, by and through its undersigned counsel, hereby serves and files its Answer and Affirmative Defenses to the Plaintiff's Complaint.  In answer to, and in defense of the Plaintiff's Complaint, Defendant, McDONALD'S CORPORATION, states the following:

1.     In response to the allegations contained in paragraph numbered 1 of the Complaint, the Defendant admits that the Plaintiff is attempting to bring an action for money damages under the laws of the United States and the State of Florida, but denies that Plaintiff is entitled to any such relief sought.  The Defendant denies that it deprived the Plaintiff of any rights secured by such laws.  The Defendant denies all other allegations contained in paragraph numbered 1.

2.     In response to the allegations contained in paragraph numbered 2 of the Complaint, the Defendant admits that this Court has jurisdiction over the Plaintiff's

CASE NO. 00-4096 CIV-LENARD

federal claims (42 U.S.C. §1981). The Defendant denies all other allegations contained in paragraph numbered 2.

3.       In response to the allegations contained in paragraph numbered 3 of the Complaint, the Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, the allegations are denied.

4.       In response to the allegations contained in paragraph numbered 4 of the Complaint, the Defendant admits that McDONALD'S CORPORATION is authorized to do business in the State of Florida and more particularly in Miami-Dade County. All other allegations contained in paragraph numbered 4 are denied.

5.       In response to the allegations contained in paragraph numbered 5 of the Complaint, the Defendant states that this allegation is not directed to this Defendant, McDONALD'S CORPORATION, and, therefore, no response is necessary. However, to the extent that there are allegations of negligence against this Defendant, such allegations are specifically denied.

6.       The Defendant denies the allegations contained in paragraph numbered 6 of the Complaint.

7.       In response to the allegations contained in paragraph numbered 7 of the Complaint, the Defendant admits that L.J.L. FAMILY FOODS, INC. is an independent franchisee of McDONALD'S CORPORATION and that it operates a store in the Dadeland Mall, which is located in Miami-Dade County, Florida. The Defendant denies all other allegations contained in paragraph numbered 7.

2

CASE NO. 00-4096  CIV-LENARD

8.     In response to the allegations contained in paragraph numbered 8 of the Complaint, the Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations relating to the allegations made therein and, therefore, those allegations are denied.

9.     In response to the allegations contained in paragraph numbered 9 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and, therefore, those allegations are denied.

10.     In response to the allegations contained in paragraph numbered 10 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and, therefore, those allegations are denied.

11.     In response to the allegations contained in paragraph numbered 11 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and, therefore, those allegations are denied.

12.     In response to the allegations contained in paragraph numbered 12 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and, therefore, those allegations are denied.

13.     In response to the allegations contained in paragraph numbered 13 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein and, therefore, those allegations are denied.

14.     In response to the allegations contained in paragraph numbered 14 of the Complaint, the Defendant admits that it conducts business in Miami-Dade County, Florida.  All other allegations contained in paragraph numbered 14 are denied.

CASE NO. 00-4096  CIV-LENARD

15.    The Defendant denies the allegations contained in paragraph numbered 15 of the Complaint.

16.    In response to the allegations contained in paragraph numbered 16 of the Complaint, the Defendant states that this allegation is not directed to this Defendant, and, therefore, it denies the allegations contained in paragraph numbered 16.

17.    The Defendant denies the allegations contained in paragraph numbered 17 of the Complaint.

18.    The Defendant denies the allegations contained in paragraph numbered 18 of the Complaint.

## COUNT I – 42 U.S.C. §2000a

The Court has dismissed this Count of the Plaintiff's Complaint by virtue of its Order dated July 19, 2001.

## COUNT II – 42 U.S.C. §1981

24.    The Defendant denies all allegations contained in paragraph numbered 24 of the Complaint.

25.    In response to the allegations contained in paragraph numbered 25 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made and, therefore, those allegations are denied.

26.    In response to the allegations contained in paragraph numbered 26 of the Complaint, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made and, therefore, those allegations are denied.

4

CASE NO. 00-4096  CIV-LENARD

27.    The Defendant denies the allegations contained in paragraph numbered 27 of the Complaint.

28.    The Defendant denies the allegations contained in paragraph numbered 28 of the Complaint.

## COUNT III – NEGLIGENT HIRING/RETENTION (DADELAND'S McDONALD'S)

The Court has dismissed this Count of the Plaintiff's Complaint by virtue of its Order dated July 19, 2001.

## COUNT IV – NELIGENT HIRING/RETENTION (McDONALD'S INCORPORATED)

The Court has dismissed this Count of the Plaintiff's Complaint by virtue of its Order dated July 19, 2001.

## COUNT V – ASSAULT

The Court has dismissed this Count of the Plaintiff's Complaint by virtue of its Order dated July 19, 2001.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Court has dismissed this Count of the Plaintiff's Complaint by virtue of its Order dated July 19, 2001.

CASE NO. 00-4096 CIV-LENARD

## AFFIRMATIVE DEFENSES

WHEREFORE, having fully responded to the Complaint, and without prejudice to its denials and other statements of its pleadings, the Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Defendant asserts that all decisions made with respect to the Plaintiff, or that affected the Plaintiff, were made for legitimate, non-discriminatory reasons.

## SECOND AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff may not recover punitive damages under 42 U.S.C. §1981 because the Defendant did not act with malice or with reckless indifference to the Plaintiff's federally-protected rights, nor did it otherwise discriminate against the Plaintiff. The Defendant further avers that the Plaintiff is not entitled to recover punitive and/or exemplary damages because the Defendant cannot be vicariously liable for alleged discriminatory decisions of managerial agents because those decisions, if any, were contrary to the Defendant's good-faith efforts to comply with 42 U.S.C. §1981.

## THIRD AFFIRMATIVE DEFENSE

The Defendant asserts that it did not engage in any intentional discrimination and, therefore, the Plaintiff is not entitled to receive compensatory or punitive damages.

6

CASE NO. 00-4096  CIV-LENARD

## FOURTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is not entitled to double recovery of compensatory or punitive damages under the counts and claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant states that it did not own the franchise restaurant business that is the subject of this claim and located at 7501 S. W. 88th Street in Miami-Dade County, Florida, pursuant to a franchise agreement dated July 1, 1998.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not operate the franchise restaurant business that is the subject of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not have the right to, hire, discharge, or discipline employees of the franchise restaurant business that is the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not pay utilities for the franchise restaurant business that is the subject of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not sell any products of the franchise restaurant business that is the subject of the Complaint.

7

CASE NO. 00-4096 CIV-LENARD

## TENTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not supply any products to the franchise restaurant business that is the subject of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not own or operate any business which supplied products to the franchise restaurant business that is the subject of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant states as an affirmative defense that it did not have the right to control the day-by-day activities necessary to carry on the business operations of the franchise restaurant business that is the subject of the Complaint.

WE HEREBY CERTIFY that a true copy of the foregoing was mailed on *14th* day of *august*, 2001, to all parties on the attached service list.

WICKER, SMITH, O'HARA, MCCOY,
GRAHAM & FORD, P.A.
Attorney for McDonald's Corporation
2900 S.W. 28th Terrace
Grove Plaza, 5th Floor
Miami, FL 33133
Phone: (305) 448-3939
Fax: (305) 441-1745

By: _____
Constantine G. Nickas
Florida Bar No. 866954

8

CASE NO. 00-4096 CIV-LENARD

Service List

Virginia Easley Johnson, Esq.
Johnson Tomlin & Johnson
4770 Biscayne Boulevard #1030
Miami, Florida 33137-3251

Neil F. McGuinness, Esq.
Baker & McKenzie
1200 Brickell Avenue, Suite 1900
Miami, Fl 33131

Reginald A. Mathis, Esq.
6301 Biscayne Boulevard
Suite 101
Miami, FL 33138-6279